UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALERIE J. MARRS-ESPINOZA, | Case No. 5:14-cv-00921-PSG |
| Plaintiff, | **ORDER GRANTING-IN-PART** |
| v. | **MOTION FOR FEES** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Re: Docket No. 34) |
| Defendant. | |

At issue is whether Valerie J. Marrs-Espinoza is entitled to an award of attorney's fees under the Equal Access to Justice Act (28 U.S.C. § 2412) following this court's March 17, 2015 order. In that order the court remanded the case to the Social Security Administration's Appeals Council despite Marrs-Espinoza's opposition to remand. The Commissioner of Social Security opposes on the basis that Marrs-Espinoza is not a prevailing party and that the amount of fees requested are unreasonable. Because this court's remand pursuant to sentence-four of 42 U.S.C. § 405(g) rendered Marrs-Espinoza a "prevailing party" for the purposes of awarding attorney's fees under the EAJA, the court finds that Marrs-Espinoza is entitled to such award. However, the award is adjusted downward to compensate Marrs-Espinoza only for those attorney's fees that are reasonable, and to reflect the limited nature of her success.

1

Case No. 5:14-cv-00921-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

**I.**

In 2011, the Commissioner of Social Security determined that Marrs-Espinoza was no longer eligible for disability insurance benefits under Title II of the Social Security Act.[1] After a state disability hearing, this decision was upheld.[2] Upon reconsideration, Administrative Law Judge Brenton Rogozen upheld the state agency's decision once again.[3] Marrs-Espinoza then filed her complaint challenging the ALJ's determination.[4]

Marrs-Espinoza subsequently moved for summary judgment and requested immediate reinstatement of benefits on the grounds that the ALJ's report was incomplete, the analysis faulty in allocating weight and the findings ultimately improper.[5] The Commissioner then moved to remand the case pursuant to sentence-four of 42 U.S.C. § 405(g).[6] The Commissioner conceded that the ALJ made errors in his report and that remand was necessary to allow an ALJ the opportunity to evaluate Marrs-Espinoza's disability in light of a complete record.[7] Marrs-Espinoza opposed the motion for remand, reasserting the position expressed in her summary judgment motion that immediate judicial reinstatement was the appropriate remedy rather than a new administrative hearing.[8]

In the March 17, 2015 Order, the court denied Marrs-Espinoza's motion for summary judgment and remanded the case to the Appeals Council of the Social Security Administration pursuant to sentence-four of Section 405(g).[9] Following remand, the Appeals Council vacated the

---

[1] *See* Docket No. 31 at 1-2.

[2] *See id.* at 2.

[3] *See id.*

[4] *See* Docket No. 1.

[5] *See* Docket No. 21.

[6] *See* Docket No. 28.

[7] *See* Docket No. 31 at 2-3.

[8] *See* Docket No. 29 at 4.

[9] *See* Docket No. 31.

ALJ's prior decision and instituted new administrative proceedings.[10]  As a result of the vacatur order, Marrs-Espinoza requested and received temporary reinstatement of her benefits pending resolution of the administrative review pursuant to 20 C.F.R. § 404.1597a(a).[11]

## II.

This court has jurisdiction under 28 U.S.C. § 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[12]

Except as otherwise provided by statute, the Equal Access to Justice Act authorizes a district court to award reasonable attorney's fees, court costs, and other expenses to a party that prevails against the United States in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[13]  "The district court has discretion in determining the amount of a fee award.  It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award."[14]

"Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[15]  Where the court remands the case under Section 405(g) of the Social Security

---

[10] *See* Docket No. 37 at 1-2.

[11] *See id.*

[12] *See* Docket Nos. 7, 9.

[13] *See* 28 U.S.C. § 2412(d)(1)(A) (2015).

[14] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected."); *Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that "a district court can impose a reduction of up to 10 percent . . . based purely on the exercise of its discretion and without more specific explanation," but where the number is reduced by twenty to twenty-five percent, more specific explanation is required).

[15] *Hensley v. Eckerhart*, 461 U.S. at 433 (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978).

1   Act, the point at which a party becomes eligible for EAJA fees depends on whether the remand is
2   made pursuant to sentence-four or sentence-six of that section.[16]  "An applicant for benefits
3   becomes the prevailing party upon procuring a sentence-four remand for further administrative
4   proceedings, regardless of whether he later succeeds in obtaining the requested benefits."[17]

5   For determining the amount of a reasonable fee, "[t]he most useful starting point . . . is the
6   number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[18]
7   "[C]ourts should generally defer to the 'winning lawyer's professional judgment as to how much
8   time he was required to spend on the case.'"[19]  But such calculation should exclude hours that are
9   "excessive, redundant, or otherwise unnecessary."[20]

10  The court must also consider other factors, most importantly the "results obtained," in
11  adjusting the fee upward or downward.[21]  In particular, where a plaintiff is deemed "prevailing"
12  even though she succeeded on only some of her claims for relief, the court must consider (1)
13  whether the plaintiff failed to prevail on claims that were unrelated to the claims on which she
14  succeeded and (2) whether the plaintiff achieved a level of success that makes the hours reasonably
15  expended a satisfactory basis for the fee award.[22]  As to the second prong, "a district court 'should
16  focus on the significance of the overall relief obtained by the plaintiff in relation to the hours

---

[16] *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) ("The point at which a party must apply for EAJA fees depends on which kind of remand the district court orders.'") (*citing Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991)).

[17] *Flores v. Shalala*, 49, F.3d at 568 (*citing Shalala v. Schaefer*, 509 U.S. 292, 301 (1993)); *see also Shalala v. Schaefer*, 509 U.S. at 300 (stating that a sentence-four remand "terminates the litigation with victory for the plaintiff").

[18] *Hensley v. Eckerhart*, 461 U.S. at 433.

[19] *Costa*, 690 F.3d at 1135-36 (*quoting Moreno*, 534 F.3d at 1112).

[20] *Hensley v. Eckerhart*, 461 U.S. at 434 (*citing Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority")).

[21] *Hensley v. Eckerhart*, 461 U.S. at 434 ("When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained").

[22] *Id*.

4
Case No. 5:14-cv-00921-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

reasonably expended on the litigation.'"[23]

## IV.

Applying the standards set out above, Marrs-Espinoza's motion is resolved as follows.

*First*, the Commissioner concedes that the government's action was not substantially justified and that the motion for fees was timely filed as required by 28 U.S.C. § 2412(d)(1)(A)-(B).[24]  As a result, these requirements are deemed satisfied for the purpose of obtaining fees under Section 2412.

*Second*, there is little dispute that Marrs-Espinoza qualifies as a "prevailing party."  In the March 17 Order, the court denied Marrs-Espinoza's motion for summary judgment and reinstatement of benefits and granted the Commissioner's motion to remand the case under sentence-four of Section 405(g).[25]  Marrs-Espinoza is therefore entitled to at least some fees notwithstanding the ALJ's ultimate decision in the pending administrative proceeding.[26]

*Third*, the Commissioner raises a number of challenges to Marrs-Espinoza's calculation of billing hours which will be addressed in turn.  The Commissioner, however, does not dispute the reasonableness of Marrs-Espinoza's proffered attorney or law clerk rates.[27]

The Commissioner challenges the 6.5 hours counsel spent between 2/24/2014 – 4/18/2014, 7/7/2014 – 7/25/2014, 8/4/2014 – 8/6/2014, 9/21/2014 – 9/22/2014, and 10/21/2014 – 10/24/2014, arguing that these hours involve "basic, administrative tasks," and "should not be billed at even paralegal rates."[28]  Marrs-Espinoza concedes that some reductions are necessary, but argues that

---

[23] *Id.* at 436 (explaining that "[i]f the plaintiff has achieved only partial or limited success, the product of hours reasonably expended  on the litigation times a reasonable hourly rate may be [excessive] … even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith").

[24] *See* Docket No. 36 at 2-3.

[25] *See* Docket No. 31.

[26] *See Flores v. Shalala*, 49 F.3d at 568.

[27] *See* Docket No. 36 (The Commissioner does not object to Marrs-Espinoza's proposed attorney rate of $190.06 per hour for 2014 and 2015, and law clerk rates of $130 per hour in 2014 and $135 per hour in 2015).

[28] *See* Docket No. 36 at 5 (*citing Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)).

5.3 hours remain compensable as involving legal services. The court agrees with Marrs-Espinoza's assessment, with the exception that the 0.4 hours counsel spent on 2/25/2014 learning how to use the court's electronic filing system is a purely clerical task and not properly compensable. As a result, Marrs-Espinoza is entitled to 4.9 hours out of the 5.3 hours requested for these dates.

The Commissioner challenges the 2.8 attorney hours and the 3.0 law clerk hours spent getting counsel up to speed on Social Security administrative law as excessive and duplicative. Although redundant, billing for this time is not unreasonable. To deny reimbursement for this time would be "counterproductive because excluding reimbursement for [work done by paralegals or clerks] might encourage attorneys to handle entire cases themselves, thereby achieving the same result at a higher overall cost."[29] Indeed, counsel's reliance on her law clerk inures to the Commissioner's benefit as it reduced the total number of hours counsel had to expend researching Social Security administrative law.

The Commissioner challenges the 22.15 hours counsel spent reviewing the record and editing Marrs-Espinoza's motion for summary judgment in light of the additional 22.5 hours her law clerk also spent reviewing the record and drafting the motion. However, the Commissioner fails to specifically identify which items are excessive and requests the court subtract 12.15 hours without any explanation as to how this number was obtained. Without such explanation, the court denies this request and defers to Marrs-Espinoza's counsel's professional judgment concerning how much time was reasonably necessary.[30]

The Commissioner objects to the time counsel spent "needlessly" opposing remand.[31] In analyzing an EAJA claim in a case where the plaintiff opposed voluntary remand in order to obtain judicial benefits, the key issue is "whether plaintiff's expectation of such an award was reasonable."[32] In *Uphill v. Barnhart*, the court explained that "a judicial award [of benefits] is

---

[29] *Celeste v. Sullivan*, 988 F.2d 1069, 1071 (11th Cir. 1992).

[30] *See Moreno v. City of Sacramento*, 534 F.3d at 1112.

[31] *See* Docket No. 36 at 5.

[32] *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1091-92 (E.D. Wis., July 3, 2003); *see also Rogers v. Astrue*, Case No. 1:09-cv-02158, 2010 WL 4569058 at *3 (E.D. Cal. Nov. 3, 2010).

6
Case No. 5:14-cv-00921-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

proper only when all essential facts have been resolved and the record clearly establishes that the plaintiff is entitled to benefits."[33]  There, because both parties agreed that the record was incomplete due to the ALJ's failure to evaluate evidence favorable to the plaintiff, the court found that "plaintiff should not have expected that [the court] would order reinstatement of benefits on the state of the record," and that the opposition to remand was therefore unreasonable.[34] Nevertheless, the court found that because the plaintiff's opposition elicited statements in the court's order that provided additional guidance to the ALJ, and because such guidance was a benefit to the plaintiff, "about 20% of counsel's time can be reasonably ascribed to arguing the burden of proof and evaluat[ing] procedur[al] issues."[35]

As in *Uphill*, both parties here agreed that the record was incomplete due to the ALJ's failure to evaluate evidence favorable to Marrs-Espinoza.[36]  Given the state of the record and the court's limited ability to make additional findings of fact in a disability cessation proceeding, Marrs-Espinoza's opposition to remand was unreasonable.  However, because the March 17 Order provided additional guidance to the ALJ, Marrs-Espinoza has received some benefit from the opposition.[37]  Given the similarities with the facts in *Uphill*, Marrs-Espinoza may reasonably recover for twenty percent of the time spent opposing remand.  Marrs-Espinoza may therefore recover fees for 0.7 attorney hours (out of 3.7 hours) and 1.3 law clerk hours (out of 6.4 hours) for the time spent between 12/14/2014 and 3/17/2015 opposing remand.

The Commissioner challenges the 1.5 hours of attorney time and 2.0 hours of law clerk

---

[33] *Uphill v. Barnhart*, 271 F. Supp. 2d at 1093 ("It is the Commissioner's job to weigh evidence, resolve material conflicts make independent findings of fact"); *see also Rogers v. Astrue*, 2010 WL 4569058 at *3 (further noting that "where conflicting evidence would allow reasonable minds to differ it is the Commissioner, and not the court, who must determine whether the plaintiff is entitled to benefits") (quotations omitted).

[34] *Uphill v. Barnhart*, 271 F. Supp. 2d at 1094.

[35] *Id*.

[36] *See* Docket No. 21 at 4; Docket No. 28 at 11.

[37] *See e.g.*, Docket No. 31 at 14 (explaining that "[t]he ALJ must consider activities of daily living; social functioning; concentration, persistence or pace; and episodes of decomposition, and categorize the claimant's limitations as none, mild, moderate, marked or extreme").

time spent on agency matters between 1/29/2015 and 2/21/2015 as not properly compensable under the EAJA.  Although Marrs-Espinoza contends with respect to other dates that time spent in preparation for civil litigation is properly compensable under the EAJA, Marrs-Espinoza makes no such argument with respect to the time billed between 1/29/2015 and 2/21/2015.  Because Marrs-Espinoza failed to raise this argument with respect to the dates involved here, and because this work cannot properly be characterized as work done in preparation for civil litigation, the court agrees with the Commissioner that this time is not compensable.

Marrs-Espinoza is entitled to recover fees for 42.95 attorney hours.[38]  In addition, Marrs-Espinoza may recover fees for 34.85 law clerk hours in 2014[39] and 17.25 law clerk hours in 2015.[40]  Marrs-Espinoza may also recover $342.64 for reasonable costs incurred.[41]  Accordingly, before considering any reduction for the degree of success achieved, Marrs-Espinoza is entitled to reimbursement of $15,022.33.[42]

***Fourth***, Marrs-Espinoza's request for fees will be reduced in light of the limited success achieved.  In the March 17 Order, the court denied Marrs-Espinoza's motion for summary judgment and request for judicial reinstatement of benefits.  Instead, the court granted the Commissioner's motion to remand the case to the Appeals Council.  Although Marrs-Espinoza opposed the motion for remand, Marrs-Espinoza nevertheless maintains that "the success of this case was that the Court's remand for rehearing resulted in reinstatement of benefits pursuant to 20 C.F.R. § 404.1597a(a)."[43]

---

[38] This calculation includes attorney time spent on the present motion for attorney's fees: (33.15 hours (for work done in 2014) + 14.7 hours (for work done in 2015) – 0.4 hours (for time spent learning ECF) – 3.0 hours (for time unreasonably opposing remand) – 1.5 hours (for time spent on agency matters)).

[39] The 37.4 requested hours minus 2.55 hours (for time unreasonably opposing remand).

[40] The 21.8 requested hours minus 2.55 hours (for time unreasonably opposing remand), and minus an additional 2.0 hours (for time spent on agency matters).

[41] *See* Docket No. 47 at 18.

[42] (42.95 x $190.06) + (34.85 x $130) + (17.25 x $135).

[43] *See* Docket No. 37 at 3.

8
Case No. 5:14-cv-00921-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

The court first analyzes the relatedness between Marrs-Espinoza's prevailing and non-prevailing arguments. Each of Marrs-Espinoza's arguments raised in the summary judgment motion went to support Marrs-Espinoza's claim for reinstatement of benefits, on which she ultimately prevailed by obtaining a sentence-four remand for further proceedings. Because Marrs-Espinoza's arguments supporting reinstatement of benefits overlap substantially with the court's decision to remand, these arguments are closely related and cannot be viewed as a series of discrete claims.

The court next considers the overall level of success achieved by the Marrs-Espinoza. Although the court denied Marrs-Espinoza's request for judicial reinstatement of benefits, she succeeded in having the case remanded for further proceedings. As a result of the remand, Marrs-Espinoza's continuing benefits were reinstated pending resolution of the administrative proceeding. But given the limited nature of this success, the court finds that a minor reduction in the requested fees and costs related to the summary judgment motion is warranted here. Accordingly, the court in exercise of its discretion reduces Marrs-Espinoza's award for attorney's fees related to the summary judgment motion by ten percent, or $713.48.[44]

***Fifth***, Marrs-Espinoza seeks that payment of the EAJA award be made directly to her attorney. The EAJA by contrast, authorizes the payment of fees to a *prevailing party*.[45] "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney."[46] Although some courts in this district have recognized that payment of a fee award directly to the attorney may be permissible where there has been a valid assignment and the

---

[44] (0.1 x ((22.15 x $190.06) + (22.5 x $130))); *see Costa v. Comm'r of Soc. Sec.*, 690 F.3d at 1136 (noting that "a district court can impose a reduction of up to 10 percent . . . based purely on the exercise of its discretion and without more specific explanation").

[45] *Scarborough v. Principi*, 541 U.S. 401, 405 (2004) (emphasis in original).

[46] *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) ("For the reasons we have explained, the statute's plain text does the opposite").

9
Case No. 5:14-cv-00921-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

plaintiff does not owe a debt to the government,[47] because no evidence of such assignment has been presented here this exception does not apply.

In sum, Marrs-Espinoza is entitled to recover $14,308.85 for costs and reasonable attorney's fees.[48] The Commissioner is directed to provide payment to Marrs-Espinoza within 65 days.

**SO ORDERED.**

Dated: October 16, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[47] *See e.g.*, *Lloyd v. Astrue*, Case No. 11-cv-4902, 2013 WL 3756424, at *4 (N.D. Cal. July 16, 2013) (*citing Palomares v. Astrue*, Case No. 11-cv-4515, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012); *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1176-77 (D. Ariz. 2008).

[48] ($15,022.33 – $713.48).

10
Case No. 5:14-cv-00921-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES